## 18128. LANE, trustee, *v.* DUKE.

Under section 1114 of the Penal Code (1910), which provides that money arising from fines "shall be first applied to the extinguishment of the insolvent lists of the officers bringing it into court," etc., "the officers bringing it into court" are those who are in office when the money is actually paid into court. BLOODWORTH, J., dissents.

DECIDED JULY 15, 1927.

Rule; from Putnam superior court—Judge Park. April 15, 1927.

Certiorari was granted by the Supreme Court.

*John R. L. Smith, Joseph LeConte Smith,* for plaintiff.
*Allen & Pottle,* for defendant.

LUKE, J. In this case the alleged error is the sustaining of a general demurrer to a petition for a rule to distribute money. Counsel for the plaintiff in error concisely and correctly summarize the petition as follows: "While Honorable Doyle Campbell was solicitor-general of the Ocmulgee circuit Obe Harper was, in Baldwin superior court, prosecuted, indicted, tried, convicted, and fined $1000; his motion for new trial was perfected, argued, and overruled; he brought the case to this court [the Court of Appeals] ; and it was here argued.· All this occurred during Mr. Campbell's term, and he rendered all necessary and proper service in that behalf. On January 1, 1925, Honorable Joseph B. Duke succeeded Mr. Campbell. On January 13 this court affirmed the

Fines, Forfeitures and Penalties, 25 C. J. p. 1167, n. 93.

conviction of Harper (33 *Ga. App.* 339, 126 S. E. 20). He applied to the Supreme Court for a writ of certiorari, which was denied in February. A judgment prepared and procured by the clerk of Baldwin superior court was entered upon the remittitur from this court, making the judgment of this court the judgment of that. On June 1, 1925, Harper paid the fine. $500 thereof was applicable to insolvent cost bills of either Mr. Campbell or Mr. Duke. The latter and plaintiff, as trustee in bankruptcy for Mr. Campbell, both claim it. Mr. Campbell had duly allowed cost bills in excess of that amount. Mr. Duke's allowed insolvent-cost bills up to June 1, 1925, for the regular and adjourned January term, 1925, amounted to $759. He collected on account of insolvent costs up to June 1, 1925, $700.01. His allowed insolvent cost bills through both the terms of 1925 were in excess of fines collected by him from both those terms, including the amount received from Harper."

The law controlling this case is contained in section 1114 of the Penal Code (1910), and is as follows: "Money arising from fines, or collected on forfeited recognizances in the superior courts, or for a violation of the penal laws, shall be first applied to the extinguishment of the insolvent lists of the officers bringing it into court and those of justices and constables pro rata, and then to the orders of former officers in proportion to their claims." Under this code section, "the officers bringing it [the money] into court" are those who are in office when the money is actually paid into court.

The general demurrer to the petition was properly sustained.

*Judgment affirmed. Broyles, C. J., concurs. Bloodworth, J., dissents.*